IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:06-cv 22535

PRIME ALLIANCE GROUP, LTD.,
a New York corporation, and
PHILIPS SOUTH BEACH, L.L.C., an
Illinois Limited Liability Company, licensed
to do business in the State of Florida, d/b/a
THE SHORE CLUB,

    Plaintiffs,
v.

THE HARTFORD FIRE INSURANCE
COMPANY, a Connecticut corporation, licensed
to do business in the State of Florida,

    Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO WINDSTORM DEDUCTIBLE AND IN SUPPORT OF PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT AS TO THE APPLICABLE $50,000.00 STANDARD DEDUCTIBLE**

**I.  THE POLICY'S WINDSTORM DEDUCTIBLE IS NOT APPLICABLE**

Plaintiffs are entitled to summary judgment as to the applicable $50,000.00 standard deductible set forth in paragraph 4(a) of the Policy, which states as follows:

"4.  DEDUCTIBLES

a   All losses, damages, or expenses arising out of any one occurrence shall be adjusted as one loss and from the amount of such adjusted loss shall be deducted the sum of $50,000; except:"

Defendant, HARTFORD FIRE INSURANCE COMPANY (hereinafter "HARTFORD"), has argued that pursuant to the decision set forth by Judge Hurley in <u>Fabricant v Kemper</u>

*Law Offices of  Keith A. Seldin, P.A.*
*Maplewood Professional Center, 1934 Commerce Lane, Suite 2, Jupiter, Florida 33458*
*Telephone (561)747-3000    Facsimile (561)747-3040    E-mail: kseldin@bellsouth.net*
*E-mail: kseldin@bellsouth.net*

Case No. 1:06-cv 22535

<u>Independence Ins. Co.,</u> 474 F.Supp. $2^d$ 1328 (S.D. Fla. 2007), that Plaintiffs are not entitled to coverage for any losses arising from a windstorm, unless the losses exceed $300,000.00, citing Judge Hurley's application of the policy in <u>Fabricant's</u> windstorm deductible, and not the policy's general deductible to property losses arising from a hurricane.

Defendant is attempting to rely on an exception to the standard $50,000.00 deductible, which states as follows:

> "2% of total insurable values involved in a loss as respects windstorm at locations located in Tier 1 counties, subject to a per occurrence minimum of $300,000."

The parties agree that the entire State of Florida is a Tier 1 County (See Endorsement No. 1 to Policy).

In the <u>Fabricant</u> case, supra, Judge Hurley, in his decision, stated that "when determining the meaning and scope of an exclusion clause or other provisions of an insurance policy, legal niceties, technical terms, and phraseology extracted from the vernacular of the insurance industry should never transcend the common understanding of the ordinary person. Therefore, the proper inquiry is not whether a legal scholar can, with learned deliberation, comprehend the meaning of an insurance policy provision, but instead, whether it is understandable to a layperson. The court will apply everyday meaning to the language of the instant policy and not a contrary interpretation". Continuing, Judge Hurley further goes on to state that "in general, coverage clauses in insurance policies are interpreted in the broadest possible manner to effect the greatest amount of coverage"… "in contrast, exclusionary clauses are strictly construed, again in

2

Case No. 1:06-cv 22535

a manner that affords the insured the broadest possible coverage." This in fact is the law in Florida. See Fabricant, supra, at page 1331.

In the United States District Court case for the District of Puerto Rico entitled Stryker Corporation v. National Insurance Company, 187 F.Supp 2d 4(US District Court, D. Puerto Rico, February 7, 2002), an insured sued an insurer seeking a declaration as to the proper deductible to be applied under an all risk commercial lines insurance policy covering business income losses, and damages. On the insured's motion for summary judgment, the District Court held that a windstorm endorsement did not apply to the insured's business interruption losses.

In the Stryker case cited herein, Stryker Corporation purchased an all risk commercial lines policy from the Defendant National, which policy provided coverage for loss of business income caused by service of supply interruption. As a result of Hurricane Georges, the Plaintiff suffered business losses on account of service and supply interruption. The dispute between the parties involved the amount of the deductible in that Plaintiff alleged that the $100,000.00 deductible was applicable pursuant to the terms of the policy, while the Defendant argues that the 2% windstorm deductible was applicable to the Plaintiff's business interruption/time element claims.

The Stryker case, supra, is similar to the instant case. In it, Judge Acosta, stated that "the interpretation of the National Policy must be based on the totality of its terms and conditions, as expressed in the policy, and as modified through policy endorsements… When read together, the above cited language of the National Policy and the text of the Windstorm endorsement lead to the inexorable conclusion that the Windstorm

endorsement does not apply to plaintiff's business interruption losses." See <u>Stryker Corporation v. National Insurance Co</u>., supra, at page 7.  In the instant case before this Court, Plaintiffs are not seeking coverage for losses sustained as a result of a hurricane or windstorm.  Plaintiffs herein are seeking recovery for business interruption losses, afforded to them as a coverage under a different named peril in the policy, namely, "Interruption by Civil or Military Authority", which is also set forth as a separate named peril in the Defendant's Policy of Insurance.

These applicable provisions are set forth in Section 7(<u>Coverage</u>) Subsections (b)(1) and (g)(5) of the policy, as follows:

"7.  COVERAGE

Except as hereinafter excluded, this policy covers:

b. <u>Business Interruption</u>

(1)  Loss resulting from necessary interruption of business conducted by the Insured and caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real and personal property as described in Section 7a;

and

g. <u>Provisions Applicable to Business Interruption, Extra Expense, and Rental Values Coverages</u>

(5) Interruption by Civil or Military Authority:  This policy is extended to cover the loss sustained during the period of time, not exceeding 30 consecutive days, when a direct result of damage to property, caused by peril insured against, access to real or personal property is prohibited by order of a civil or military authority. Physical damage must occur within 2.5 statute miles of the Insured's premises".

Case No. 1:06-cv 22535

II. **PLAINTIFFS' BUSINESS INTERRUPTION LOSSES WERE CAUSED BY THE ISSUANCE OF AN ORDER OF CIVIL AUTHORITY AND NOT BY A WINDSTORM THEREFORE MANDATING APPLICATION OF THE POLICY'S STANDARD $50,000.00 DEDUCTIBLE, NOT THE POLICY'S HIGHER WINDSTORM DEDUCTIBLE**

Plaintiffs have incurred business interruption losses of $234,250.00, caused as a direct and proximate result of the Order of Civil Authority, issued by the Miami-Dade County, Office of Emergency Management, on September 2, 2004, which evacuation order was in effect through September 5, 2004. See **Exhibits "G" and "H"** attached hereto and made a part hereof. Even though it was a windstorm event, namely Hurricane Frances, which caused the issuance of the Order of Civil Authority, by the Miami-Dade County Office of Emergency Management, it was, in fact, the "Order of Civil Authority", which was the direct and proximate cause of the Plaintiffs' business interruption losses under the terms and provisions of the Defendant's All Risk Policy of Insurance. Thus, the standard $50,000.00 general deductible should be applied towards the Plaintiffs' business interruption losses, in this instance, instead of the higher $300,000.00 windstorm deductible as claimed by the Defendant.

"Policy provisions excluding or limiting the insurer's liability are construed more strictly than coverage provisions". See Purrelli v. State Farm Fire and Cas. Co., 698 So.2d 618, 620 (Fla. 2d DCA, 1997). "Such limiting provisions must be construed in favor of the insured if they are ambiguous or reasonably susceptible to more than one meaning". Deni Assocs. Of Fla., Inc. v. State Farm Fire and Cas. Ins. Co., 711, So.2d 1135, 1138 (Fla. 1998). In Turner Construction Company v. Ace Property & Casualty Insurance Co., 429 F3d 52 (United States Court of Appeals, 2d Circuit, 2005), the court

Case No.  1:06-cv 22535

held that a "wind deductible" of a builder's risk policy did not apply to damage to a construction project caused by rain entering the project through openings caused by the wind, but, rather, the policy's $10,000.00 deductible for "all other covered causes of loss" applied; the damage was caused directly by rain, and only indirectly caused by wind".

In the <u>Turner</u> case, supra, Turner purchased a "builder's risk" policy from Ace to insure against damages to a construction project.  During the policy period, the project was damaged by rain that entered through openings caused by wind.  The policy declarations provided for a $25,000.00 deductible for losses caused by earth movement or flood, and a general $10,000.00 deductible for "all other covered causes of loss".  An endorsement, however, provided that '[a] wind deductible of 1% of the value in place at the covered property location at the time of loss applies subject to a $100,000. minimum". In finding for the insured, the court stated that "the damage in this case, however, was directly caused by rain, and only indirectly caused by wind.  In other words, although wind created the opening through which the rain entered, it was the rain alone that caused the damage at issue"….  "Nothing in the policy suggests that the wind deductible applies to damages only indirectly caused by wind."  See <u>Turner v. Ace,</u> supra, at page 54.

As in the <u>Turner</u> case, supra, the policy in this case is not a windstorm policy, but is an All Risk policy.  "Why should a wind deductible apply to damages not directly caused by wind?".  See <u>Turner,</u> supra, at page 55.  In finding in favor of the insured, and applying the lower deductible, the court stated that "Nothing in the policy language leads us to believe that damage attributable to the action of rain should be subject to different deductibles depending on how the rain entered an insured property.  We therefore

conclude that the relevant deductible in this case is not the "wind deductible," but the policy's $10,000 deductible for "all other covered causes of loss." See Turner, supra at page 56.

In addition, the Court of Appeals of New York, that States highest court, ruled in the matter of Album Realty Corp. v. American Home Assur. Co, 80 N.Y. 2d 1008, 607 N.E.2d 804, 592 N.Y. S.2d 657, in a case where the insured brought an action under a builder's risk policy, the court of appeals held that "loss in the form of damage to mechanical and electrical equipment and structural damage to building which resulted when sprinkler head froze and ruptured was not caused by "freezing" within meaning of exclusion from builder's all-risk policy".

In the Album case, supra, American Home Assurance Company issued a builder's risk insurance policy to the Plaintiff, Album Realty Corp., covering a building plaintiff was constructing in New York City. The policy insured against "all risks of direct physical loss of or damage to the property insured from any external cause"… "However, it expressly excluded from coverage loss or damage (1) caused by or resulting from … extremes of temperature or (2) caused by freezing".

A sprinkler head in the building froze and ruptured, causing water to be filled, resulting in flooding, which resulted in damage to mechanical and electrical equipment in the building. The court, in ruling for the insured held, that while the property damage would not have occurred in the absence of the freezing, they did not accept the fact that the "freezing was the proximate, efficient and dominant cause of the flooding and water

Case No. 1:06-cv 22535

damage within the meaning of the exclusionary clause." See Album Realty Corp. v. American Home Assurance Company, supra, at page 1010.

The court in Album reasoned that "A reasonable business person would conclude in this case that plaintiff's loss was caused by water damage and would look no further for alternate causes". Also see Home Ins. Co. v. American Ins. Co, 147 A.D.2d 353, 354, 537 N.Y.S.2d 516. In insurance context, "a causation inquiry does not trace events back to their "metaphysical beginnings". That only this most direct and obvious cause should be looked to for purposes of the exclusionary clause at issue…" In the policy issued by the Defendant, HARTFORD, in the instant matter, the deductible clause is clearly set forth as follows:

> " 4. DEDUCTIBLES
>
> a.  All losses, damages, or expenses arising out of any one occurrence shall be adjusted as one loss and from the amount of such adjusted loss shall be deducted the sum of $50,000; except:
>
> 2% of total insurable values involved in a loss as respects windstorm at locations located in Tier 1 Counties, subject to a per occurrence minimum of $300,000".

It is clear from the underlying facts in the instant matter, that a windstorm was not the proximate, efficient and dominant cause of the Plaintiffs' business interruption losses. The proximate, efficient and dominant cause of said losses was the issuance of the "Order of Civil Authority" by the Miami-Dade County, Office of Emergency Managment, on September 2, 2004, ordering the evacuation of Miami Beach, which said "interruption by civil or military authority" is a separately listed named peril covered under the terms and

Case No. 1:06-cv 22535

provisions of the Defendant's All Risk Policy of Insurance issued to the Plaintiffs herein by the Defendant, HARTFORD.

In the instant case, before this Court, Plaintiffs are not seeking coverage for property losses sustained as a result of a windstorm. Plaintiffs are, however, seeking recovery for business interruption losses, provided to them as a separate coverage under the interruption by civil or military authority provision of the Defendant's All Risk Policy of Insurance. These are clearly separate and distinct losses, each requiring the application of different deductibles: for business interruption losses caused by interruption by civil or military authority, the $50,000.00 standard deductible applies, while, for windstorm losses, a minimum $300,000.00 deductible applies.

### III. CONCLUSION

Defendant, HARTFORD's Motion for Summary Judgment, as to windstorm deductible, should, in all respects, be denied, and Plaintiffs' Cross Motion for Summary Judgment, as to the applicable $50,000.00 standard deductible, should, in all respects, be granted.

                                                                      **/s/ Keith A. Seldin**
                                                                      Keith A. Seldin, (FBN 274321)
                                                                      kseldin@bellsouth.net
                                                                      Law Offices of Keith A. Seldin, P.A.
                                                                      1934 Commerce Lane, Suite 2
                                                                      Jupiter, FL  33458
                                                                      Telephone:  (561) 747-3000
                                                                      Fax:            (561) 747-3040

Case No.  1:06-cv 22535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that  on September 17, 2007, a true and correct copy of the foregoing was filed electronically.  A copy of this filing will be sent  by **email** to all parties who have appeared in the action by operation of the Court's electronic filing system, and by first-class mail, postage prepaid, to any parties that do not have access to the Court's electronic filing system.

Rebecca Levy-Sachs, Esq.
ROBINSON AND COLE, LLC
1343 Main Street, Suite 400
Sarasota, FL 34236-5635

Law Offices of Keith A. Seldin, P.A.
Attorney for Plaintiffs PRIME ALLIANCE GROUP, LTD. and PHILIPS SOUTH BEACH, LLC, d/b/a THE SHORE CLUB
1934 Commerce Lane, Suite 2
Jupiter, FL  33458
Telephone:  (561) 747-3000
Fax:            (561) 747-3040

/**s/**  **Keith A. Seldin**
     Keith A. Seldin, Esq.
     Florida Bar No. 274321